AO 442 (Rev. 11/11) Arrest Warrant

1:19-mj-0124-CL
8841718

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

USMS: 07807-090

| United States of America | ) |
|---|---|
| v. | ) |
| Dylan Hudson | ) Case No. 2:12-CR-0130 GEB |
| | ) |
| | ) |
| | ) |
| Defendant | ) |

RECEIVED UNITED STATES MARSHAL
2019 MAR 21 AM 11:25
EASTERN DISTRICT OF CALIFORNIA

## ARREST WARRANT

To: Any authorized law enforcement officer

YOU ARE COMMANDED to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* Dylan Hudson,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☑ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:
18:3606 - Violation of Supervised Release

Date: 03/21/2019

/s/ Alba Kastilahn
*Issuing officer's signature*

City and state: Sacramento, CA

Alba Kastilahn, Operations Specialist
*Printed name and title*

### Return

This warrant was received on *(date)* 3/21/19, and the person was arrested on *(date)* _____
at *(city and state)* _____

Date: _____

_____
*Arresting officer's signature*

_____
*Printed name and title*



Case 2:12-cr-00130-GEB   Document 68   Filed 03/21/19   Page 1 of 7

# 22UNITED STATES DISTRICT COURT
## Eastern District of California

## Petition For Warrant or Summons For Offender Under Supervision

| | | | |
|---|---|---|---|
| **Name of Offender:** | Dylan Hudson | **Docket Number:** | 0972 2:12CR00130-1 |

**Name of Judicial Officer:** United States District Judge Garland E. Burrell

**Date of Original Sentence:** 7/19/2013

**Original Offense:** 21 U.S.C. § 846 and 841(a)(1) – Conspiracy to Manufacture, Distribute and Possess With Intent to Distribute Marijuana (Class B Felony)

**Original Sentence:** 81 months custody Bureau of Prisons; 60 month Term of Supervised Release; $17,500 fine; $100 special assessment; Mandatory drug testing; No firearms; DNA collection.

**Special Conditions:**

1. Submit to search
2. Financial disclosure
3. No new credit
4. Drug treatment
5. Substance abuse testing
6. Abstain from alcohol
7. Mental health treatment
8. Aftercare co-payment
9. Drug registration

**Type of Supervision:** TSR

**Date Supervision Commenced:** 10/28/2016

**Other Court Actions:**

02/05/2015:   Court ordered pursuant to 18 USC 3582(c)(2) that the sentence be reduced from 81 months custody to 64 months custody.

RE: Dylan Hudson                                          Docket Number: 0972 2:12CR00130-1

| | |
|---|---|
| 02/27/2018: | Prob12C filed to place matter on calendar for New Law Violation and Unlawful Use of a Controlled Substance. |
| 10/05/2018: | Defendant was found guilty of violation of Unlawful Use of a Controlled Substance. Court ordered supervision to continue under same conditions. |

## PETITIONING THE COURT

☒ TO ISSUE A WARRANT

The probation officer alleges the offender has violated the following conditions(s) of supervision:

**Charge Number**    **Nature of Violation**

1    **FAILURE TO ATTEND DRUG TESTING**

The offender failed to attend urinalysis testing on the following dates: March 20, 2018; April 18, 2018; May 16 and 24, 2018; June 18 and 21, 2018; August 14 and 24, 2018; September 18 and 25, 2018; October 11, 17, and 25, 2018; November 7 and 15, 2018; December 5 and 13, 2018; January 12 and 24, 2019; and February 12, 21 and 26, 2019. This is in violation of Special Condition Number 5, which states, "As directed by the probation officer, the defendant shall participate in a program of testing (i.e.breath, urine, sweat patch, etc.) to determine if he has reverted to the use of drugs or alcohol.

2    **TRAVEL OUTSIDE THE DISTRICT WITHOUT PERMISSION**

On January 24, 2019, this officer was contacted by the Medford (Oregon) Police Department that they observed the offender enter a known "drug house" on several different occasions. The offender did not have permission from this officer to travel to Medford, Oregon. This is in violation of Standard Condition Number 1, which states, "The defendant shall not leave the judicial district without permission of the court or probation officer."

**Justification:** The offender has consistently not abided by his terms and conditions of supervision. During his initial intake with this officer in December of 2018, the offender was admonished for not going to urinalysis testing and was told he was not to leave the district to travel to Oregon for work until he began testing consistently. The offender agreed to this stipulation, but shortly thereafter began missing his testing appointments again. Attempts to call and email him were unsuccessful. A phone call was also placed to his mother, who said she would notify her son that this officer needed to talk to him, but no contact was ever made. Although the offender's mother indicated her son was working locally, a call from the Medford, Oregon Police Department proved otherwise. On January 24, 2019, this officer received a call from the Medford Police Department indicating that during their surveillance of a known "drug house", the offender was observed entering and leaving this house on numerous occasions. Apart from being in Medford, Oregon, the exact whereabouts of the offender are unknown. It appears from the offender's behavior that

RE: Dylan HudsonDocket Number: 0972 2:12CR00130-1

he has again relapsed on drugs and has no interest in contacting this officer or following the orders of the court. Consequently, a warrant appears appropriate and will respectfully be recommended.

**Detention:** Due to the fact that the offender left the district without permission and has not contacted this officer despite numerous attempts, the offender should be considered a flight risk. It is requested he remain in custody during the entire court proceedings.

I declare under penalty of perjury that the following is true and correct.

**EXECUTED ON:**March 20, 2019
Sacramento, California

Respectfully submitted,

*[signature]*

_____
MATTHEW M. FAUBERT
Senior United States Probation Officer
Telephone: (916) 786-8508

**DATED:**3/20/2019

Reviewed by,

*[signature]*

_____
MICHAEL K. McFARLAND
Supervising United States Probation Officer

---

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

☒ The issuance of a warrant.

☐ The issuance of a summons.

☐ Other:

**FURTHER PROCEEDINGS REGARDING CUSTODY:**

☐ Defendant is ordered detained, to be brought before District Judge forthwith.

☒ Initial appearance and detention hearing before Magistrate Judge.

PROB 12C
(07/13)

RE: Dylan Hudson                                    Docket Number: 0972 2:12CR00130-1

Dated: March 21, 2019

                                                   GARLAND E. BURRELL, JR.
                                                   Senior United States District Judge

CC:

United States Probation

Assistant United States Attorney: Jill Thomas

United States Marshal Service

PROB 12C
(07/13)

RE: Dylan Hudson  Docket Number: 0972 2:12CR00130-1

# STATEMENT OF EVIDENCE OF ALLEGED SUPERVISED RELEASE VIOLATIONS

Honorable Garland E. Burrell
United States District Judge
Sacramento, California

                                                RE:   Hudson, Dylan
                                                            Docket Number: 0972 2:12CR00130

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions of Probation or Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order**, the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant or Summons for Offender Under Supervision.

**Charge 1:**     **FAILURE TO ATTEND DRUG TESTING**

       a. Evidence
           i. The Monthly Treatment Reports for the months of March through December of 2018 and for the months of January through February of 2019.

       b. Witnesses
           i. EAP, the contracted testing provider, will testify that the officer was not present for testing on the following dates: March 20, 2018; April 18, 2018; May 16 and 24, 2018; June 18 and 21, 2018; August 14 and 24, 2018; September 18 and 25, 2018; October 11, 17, and 25, 2018; November 7 and 15, 2018; December 5 and 13, 2018; January 12 and 24, 2019; and February 12, 21 and 26, 2019.

**Charge 2:**     **TRAVEL OUTSIDE THE DISTRICT WITHOUT PERMISSION**

       a. Evidence
           i. On January 24, 2019, this officer received a call from the Medford Police Department indicating that during their surveillance of a known "drug house", the offender was observed entering and leaving this house on numerous occasions.

       b. Witnesses
           i. Sergeant Jason Antley of the Medford Police Department will testify that he observed the offender in Medford, Oregon entering and leaving a known "drug house" on numerous occasions.

PROB 12C
(07/13)

RE: Dylan Hudson                                    Docket Number: 0972 2:12CR00130-1

 

Respectfully submitted,
/s/Matthew M. Faubert

---

**MATTHEW M. FAUBERT**
**Senior United States Probation Officer**
Telephone: (916) 786-8508

**DATED:** 3/20/2019
     Sacramento, California

Reviewed by,

---

**MICHAEL K. McFARLAND**
**Supervising United States Probation Officer**

RE: Dylan Hudson                                    Docket Number: 0972 2:12CR00130-1

# REVOCATION GUIDE – SUPERVISED RELEASE

| | | | |
|---|---|---|---|
| Name of Offender: | Dylan Hudson | Docket Number: | 0972 2:12CR00130-1 |
| Date of Original Offense: | 08/2010-03/2012 | | |

Original term of supervised release imposed: 60 years

Highest grade of violation alleged: C

Criminal History Category of offender: I

Original guideline range: 135 to 168 months.

Chapter 7 range of imprisonment: 3 to 9 months.

Maximum term on revocation - 18 USC 3583(e)(3): (*choose one below*)

☒    Class B felony - 3 years

Violation requires mandatory revocation: YES: ☐   NO: ☒

<u>Original offense committed on or after 04/30/2003</u>: Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction, but not exceed the maximum for the classes of offenses noted above. There is no adjustment for prison time imposed for any previous revocation of the term of supervised release. The Court must consider but is not bound by Chapter 7 ranges. Upon revocation, the Court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 USC 3583(e)(3) for the original offense of conviction, less the current term of imprisonment imposed upon revocation, and all prior terms of imprisonment imposed upon previous revocations.

### MANDATORY REVOCATION ISSUES

<u>Original offense committed after 09/13/94</u>: Title 18 USC 3583 instructs that supervision shall be revoked upon a finding of: 1) Possession of a controlled substance; 2) Possession of a firearm; or, 3) Refusal to comply with mandatory drug testing. If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."

<u>Positive/Failed Drug Tests after 11/02/2002</u>: Title 18 USC 3583(g) amended and instructs that supervision be revoked for: Testing positive for illegal controlled substances more than three times over the course of one year.